## IN THE UNITED STATED DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAMELA NIXON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) C.A. No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| | ) |
| UNIVERSITY OF DELAWARE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

## INTRODUCTION

1. Plaintiff, Pamela Nixon ("Plaintiff") files this action against Defendant, University of Delaware ("Defendant" or "University") for damages for *inter alia*, violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), Title VII of the Civil Rights Act of 1964, the Delaware Discrimination in Employment Act and breach of the Implied Covenant of Good Faith and Fair Dealing.

## NATURE OF THE ACTION

2. Defendant employed Plaintiff as a Relief Cook beginning on January 1, 2015. Plaintiff was promoted to Ship Steward/ Head Cook on April 1, 2019. Plaintiff was subsequently terminated on July 29, 2019.

3. Defendant engaged in age discrimination and wrongfully discriminated against Plaintiff by virtue of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.

4. Defendant engaged in gender discrimination and wrongfully discriminated against Plaintiff by virtue of her gender in violation of Title VII of the Civil Rights Act of 1964.

5. Defendant breached the implied covenant of good faith and fair dealing which, under Delaware law, inheres in every contract.

**JURISDICTION**

9. This Court has original jurisdiction pursuant to 28 U.S.C § 1331.

10. This Court has supplemental jurisdiction over all state causes of action pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1331, as well as 28 U.S.C. § 1391(b).

**PARTIES**

12. Plaintiff, Pamela Nixon, is a female and is a resident of Snow Hill, Worchester County, Maryland, 21863, who at all times relevant to this Complaint was an employee of Defendant.

13. Defendant University of Delaware is a privately governed, state-assisted institution of higher education and existing pursuant to Delaware law.

**ADMINISTRATIVE PROCESS**

14. On May 5, 2020, Plaintiff filed a timely Charge of Discrimination with the Delaware Department of Labor ("DDOL") and simultaneously with the Equal Employment Opportunity Commission ("EEOC") alleging sex and age discrimination against Defendant.

15. On August 16, 2021, Plaintiff requested a right to sue from the DDOL and the EEOC.

16. On September 27, 2021, Plaintiff received a "Notice of Right to Sue" from the DDOL. *See Exhibit A*.

17. On September 28, 2021, Plaintiff received a "Notice of Right to Sue" from the EEOC. *See Exhibit B.*

18. Plaintiff has filed this action within ninety (90) days after receipt of her Right to Sue Notice from the DDOL and EEOC.

19. Plaintiff has satisfied all statutory prerequisites for filing this action.

**FACTS**

20. Plaintiff began her employment with Defendant on or around January 1, 2015, as a Relief Cook.

21. In March of 2019, Plaintiff was asked by Director Jon Swallow and Captain James Warrington to fulfill the Ship Steward/Head Chef position on the RV Sharp. Plaintiff began her position on the RV Sharp on April 1, 2019.

22. During Plaintiff's employment aboard the RV Sharp, the crew consisted of one female, Plaintiff, and eight males.

23. Plaintiff was the first female crew member to work on the RV Sharp.

24. At the time of the RV Sharp's departure to sea, Plaintiff was sixty-nine years old.

25. On numerous occasions, Plaintiff was harassed and ridiculed about her age. Chief Engineer Tim North remarked "Pam, you should know all about Social Security."

26. Crew members further expressed skepticism that Plaintiff was able to achieve her Merchant Mariner Certification documentation required for all crew members of United States ships due to her age and gender.

27. Plaintiff was given a limited budget to purchase food and supplies for a crew of approximately fifteen people.

28. Plaintiff was isolated by the rest of the crew.

29. The crew repeatedly expressed their admiration for the RV Sharp's former Head Cook, Mr. Paul Gomez. The crew described Mr. Gomez as a "guys' guy".

30. Upon information and belief, Mr. Gomez was frequently disciplined for, among other infractions, stealing meat from the vessel and over ordering supplies to the point of excess.

31. On one occasion, it was reported that Mr. Gomez made the entire crew sick due to an improperly prepared meal.

32. Despite this conduct, Mr. Gomez was not subjected to a vote of confidence by the crew.

33. Upon information and belief, Mr. Gomez was ultimately terminated after he sexually assaulted a female student volunteer aboard the RV Sharp.

34. The crew members frequently showed their lack of respect and discriminatory behavior towards women.

35. In fact, the crew members remaining aboard the RV Sharp frequently commented on their displeasure of Mr. Gomez's termination in front of Plaintiff. Among the remarks made were, when referring to sexual assault, "It was not that bad" and "It's not like he raped her."

36. Despite the allegations, the crew members supported Mr. Gomez.

37. Alternatively, the crew members repeatedly attempted to get Plaintiff fired.

38. Plaintiff was accused of a crewmembers' Trichinosis, an illness caused by consuming raw pork. It was later confirmed that the crewmember came down with the illness prior to boarding the RV Sharp.

39. On July 29, 2019, Plaintiff was informed the crew had taken a vote of no confidence in her.

40. As a result of the no confidence vote, Plaintiff was terminated.

41. Plaintiff was replaced by a substantially younger male in his early thirties.

42. Upon information and belief, the new Cook did not have the requisite Merchant Mariner Certificate.

## CLAIMS AND DAMAGES

Based upon the above allegations, Plaintiff maintains the following legal claims against Defendant:

### COUNT I
### Discrimination Based on Age in Violation of the
### Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.,* and the
### Delaware Discrimination in Employment Act, 19 *Del. C.* § 710, *et. seq*.

43. The allegations of Paragraphs 1 through 42 are incorporated by reference as if fully restated herein.

44. Defendant employs twenty or more employees and is an "Employer" as defined by 29 U.S.C. § 630; 19 *Del. C.* § 710(7).

45. At all times relevant hereto, Plaintiff was employed by Defendant and is an "Employee" as defined by 29 U.S.C. § 630; 19 *Del. C.* § 710(6).

46. Plaintiff received a Right to Sue letter from DDOL on September 27, 2021, and a Right to Sue letter from the EEOC on September 28, 2021. Plaintiff has satisfied all statutory prerequisites for filing this action.

47. At the time of termination, Plaintiff was sixty-nine years old.

48. Upon information and belief, a majority of the crew members were between the ages of thirty to forty years old.

49. Plaintiff was routinely subjected to age-based comments.

50. Chief Engineer Tim North made derogatory comments regarding Plaintiff's age. Specifically, harassing Plaintiff about her knowledge of Social Security.

51. As a requirement of her employment, Plaintiff completed her Merchant Marine Certification.

52. Defendant's crew repeatedly questioned Plaintiff's credentials due to her age.

53. Upon information and belief, Plaintiff was replaced by a younger, male employee. Upon information and belief, this individual had limited restaurant experience and did not have the requisite Merchant Mariner Certificate.

54. Defendant engaged in intentional age discrimination in the terms and conditions of Plaintiff's employment, including terminating Plaintiff due to her age.

55. Therefore, Defendant's discrimination against Plaintiff because of her age constitutes an unlawful employment practice in violation of 29 U.S.C. § 630; 19 *Del. C.* § 711.

56. Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including past and future lost wages and benefits, and the cost of bringing this action.

## COUNT II
**Discrimination Based on Gender in Violation of Title VII of the Civil Rights Act of 1964 and the Delaware Discrimination in Employment Act, 19 *Del. C.* § 710, *et. seq*.**

57. The allegations of Paragraphs 1 through 56 are incorporated by reference as if fully restated herein.

58. Defendant employees fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 2000e(b); 19 *Del. C.* § 710(7).

59. Plaintiff received a Right to Sue letter from the DDOL on September 27, 2021, and a Right to Sue letter from the EEOC on September 28, 2021. Plaintiff has satisfied all statutory prerequisites for filing this action.

60. During Plaintiff's employment with Defendant, she was discriminated against in violation of Title VII.

61. Title VII and the Delaware Discrimination in Employment Act makes it an unlawful practice to, among other things, fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e(a)(1); 19 *Del. C.* § 711.

62. Plaintiff, as a female, is a member of a protected class of which Defendant was aware.

63. Plaintiff was qualified for the position of Ship Steward/Head Cook.

64. Following an emergency termination of the prior Head Cook, Defendant sought out Plaintiff's services based on her more than fourteen years of experience.

65. Plaintiff was the only female crew member aboard RV Sharp.

66. Defendant's male crew members expressed an inherent bias against females by expressing sympathy for Mr. Gomez's termination. Specifically, male crew members refused to take a vote of no-confidence against Mr. Gomez after he was alleged to have sexually harassed a female researcher aboard the ship.

67. Plaintiff was subjected to conversations amongst male crew members criticizing Mr. Gomez's termination, stating, "It was not that bad, it's not like he raped her."

68. Despite Mr. Gomez's actions, Defendant never coordinated a vote of confidence for his employment.

69. Alternatively, Plaintiff was subjected to vote of confidence for patently false allegations.

70. Defendant has subjected Plaintiff to discrimination and a hostile work environment on the basis of her gender in violation of Title VII by terminating her and providing male crew members with the opportunity to succeed in their roles to Plaintiff's detriment.

71. Plaintiff has suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, as well as costs for bringing this action.

## COUNT III
### Breach of the Implied Covenant of Good Faith and Fair Dealing

72. The allegations of Paragraphs 1 through 71 are incorporated by reference as if fully reinstated herein.

73. Every contract, whether oral or written, express or implied, has a covenant to the effect that neither party to the contract will do anything in bad faith to prevent the other party to the contract from enjoying the benefits of the contract. This is known as the implied covenant of good faith and fair dealing, and this covenant applies to the employment agreement between Plaintiff and Defendant.

74. Defendant breached this covenant by manufacturing a false reason for terminating Plaintiff's employment, namely for falsely stating Plaintiff was terminated for food safety issues.

75. Defendant's breach of the implied covenant of good faith and fair dealing has damaged Plaintiff, financially and professionally.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

    A. Declare the conduct by Defendant to be in violation of Plaintiff's statutory rights and common law rights.

B. Awarding Plaintiff any and all compensation due as a result of Defendant's violations herein.

C. Awarding Plaintiff emotional distress damages.

D. Awarding Plaintiff punitive damages.

E. Awarding Plaintiff an equal and additional amount as liquidated damages.

F. Awarding Plaintiff costs and reasonable attorney's fees.

G. Awarding Plaintiff pre and post judgment interest at the legal rate.

H. Any and all such other relief as the Court deems appropriate under the circumstances.

        **ALLEN & ASSOCIATES**
        */s/ Michele D. Allen*
        Michele D. Allen (#4359)
        4250 Lancaster Pike Suite 230
        Wilmington, DE 19805
        302-234-8600
        302-397-3930 (fax)
        michele@allenlaborlaw.com
        *Attorney for Plaintiff*

Dated: December 10, 2021